UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRONE HURT,                                                                                                                                                        Plaintiff,

v.                                                          Civil Action No. 3:17-cv-39-DJH

CIVIL RIGHTS LAWYER et al.,                                                              Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

      Plaintiff, Tyrone Hurt, who is a resident of the District of Columbia, initiated this action by filing a complaint against "Civil Rights Lawyer," the United States Secret Service, the FBI, the United States Court of Appeals for the D.C. Circuit, and the United States of America. While the complaint is rambling and very difficult to read, it is clear that it contains no reason that it should be in this Court. As such, it will be dismissed for lack of jurisdiction by separate Order. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."): Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

      This is not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country. As the District Court for the Southern District of Ohio noted, "Plaintiff Tyrone Hurt has been repeatedly warned (to no effect) and ultimately banned from filing complaints and/or appeals in forma pauperis by numerous other districts and appellate courts." *Hurt v. Sterling*,

No. 1:14-CV-436, 2014 WL 2257176, at *3 (S.D. Ohio May 29, 2014), report and recommendation adopted, No. 1:14CV436, 2014 WL 3573637 (S.D. Ohio July 21, 2014).

On October 20, 2016, in *Hurt v. All Journalists of Radio, TV, etc.*, No. 3:16-cv-589-DJH, this Court dismissed the action as frivolous, noted that Hurt has filed hundreds of cases in federal court and has been deemed an abusive and vexatious litigant by numerous other courts, and warned Hurt that the Court may impose sanctions against him if he files other actions in this Court that are baseless and/or have no connection to this Court. Despite this warning, within four months, Hurt filed the instant action as well as four other actions, none of which have any connection to this jurisdiction.[1]

Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits, federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious

---

[1] Those cases are: *Hurt v, All Federal Circuits, et al.*, No. 3:16-cv-751-DJH; *Hurt v. Nat'l Museum of African Am. History & Culture, et al.*, No. 3:16-cv-772-DJH; *Hurt v. Trump*, 3:17-cv-7-TBR; and *Hurt v. Unknown Defendants*, 3:17-cv-93-TBR.

litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811. A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g.*, *Boswell v. Wright*, 142 F.3d 432 (6th Cir. 1998). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith . . . ." *Maxberry*, 879 F.2d at 224. It is clear to this Court that Hurt's litigation history amounts to such an abuse.

Given Hurt's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter him from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. Accordingly, **IT IS HEREBY ORDERED** that:

**Tyrone Hurt shall no longer be permitted to proceed *in forma pauperis* in any action in the United States District Court for the Western District of Kentucky. The Clerk of Court is DIRECTED not to accept for filing any action by Tyrone Hurt that is not accompanied by the proper filing fee**.

Date: March 21, 2017

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
United States District Court, Western District of Kentucky, all divisional offices
4415.009